# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 01-308V
Filed: October 23, 2012
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ERIC BISENIUS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees & Costs Decision |
| | * | Based on Stipulation of Fact |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford J. Shoemaker, Vienna, VA for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**


## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 23, 2012, the parties filed a stipulation of fact in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

In accordance with the General Order #9 requirement, petitioner states that he advanced $5,946.86 in reimbursable costs in pursuit of his petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On October 3, 2012, petitioner filed an Application for Attorneys' Fees and Costs, requesting $111,928.25 in attorneys' fees and costs for Shoemaker, Gentry & Knickelbein. During informal discussions, respondent raised objections to certain items. Based on these objections, petitioner now amends his application and requests a total of $102,628.25 in attorneys' fees and costs for Shoemaker, Gentry & Knickelbein, which consists of $63,027.25 for attorneys' fees and $39,601.00 for costs to Shoemaker, Gentry & Knickelbein. Respondent does not object to the reduced amount.

The undersigned finds these amounts to be reasonable. Accordingly, the court awards:

a. **$102,628.25,** representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Shoemaker, Gentry & Knickelbein; and

b. **$5,946.86,** representing reimbursement for petitioner's costs. The award shall be in the form of a check made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>October 23, 2012</u>                                  <u>/s/ Laura D. Millman</u>
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.